**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

JEYSEN ZIVAN YOGARATNAM,
    Plaintiff,

v.

DEFENDANT "1" a/k/a "DARINA DUBOIS"
and JOHN DOES 1-20, as yet unidentified
Individuals, Business Entities and/or
Unincorporated Associations,
    Defendants.

CASE NO. 2:24-cv-00393

**[PROPOSED] ORDER GRANTING PLAINTIFF'S**
**EX PARTE EMERGENCY MOTION FOR**
**TEMPORARY RESTRAINING ORDER**

**THIS CAUSE** comes before the Court on Plaintiff's Emergency Motion for Temporary Restraining Order Without Notice against Defendant "1" a/k/a "DARINA DUBOIS" and her accomplices, JOHN DOES 1-20 [ECF No. 6] ("Motion"). As explained below, after careful review of the Motion and Plaintiff's supporting declarations, Plaintiff has satisfied the requirements for the issuance of a temporary restraining order.

**BACKGROUND**

Plaintiff JEYSEN ZIVAN YOGARATNAM met Defendant "1" a/k/a "DARINA DUBOIS" who represented that she was a cryptocurrency investor who could help Plaintiff JEYSEN ZIVAN YOGARATNAM earn money investing in cryptocurrency using her trading methods. Relying on her misrepresentations, Plaintiff JEYSEN ZIVAN YOGARATNAM, under the guidance of Defendant "1", downloaded what he believed was a smartphone application owned and operated by CTRL-FX, which Plaintiff believed was a legitimate cryptocurrency exchange. Instead, however, Defendant "1" helped Plaintiff JEYSEN ZIVAN YOGARATNAM download

1

an application that Defendants created which was a copycat of the real CTRL-FX smartphone application. Thus, it appeared to Plaintiff JEYSEN ZIVAN YOGARATNAM that he was provided with the legitimate cryptocurrency exchange owned and operated by CTRL-FX Exchange – a UK registered exchange.

At the direction of Defendant "1", Plaintiff JEYSEN ZIVAN YOGARATNAM began transferring cryptocurrency he held on his Coinbase and Kraken accounts to the CTRL-FX exchange, which Plaintiff believed was a legitimate cryptocurrency exchange. However, CTRL-FX is fraudulent and entirely simulated, and thus served as an engine of theft for Defendants, giving them a mechanism to provide Plaintiff with false account statements that masked the fraudulent scheme Defendants were perpetrating. In essence, "CTRL-FX" to which Plaintiff was sending his cryptocurrency holdings was actually -- unbeknownst to Plaintiff – Defendants' own private cryptocurrency wallet addresses.

Through blockchain analytics tracing the path of Plaintiff's cryptocurrency assets, it has become apparent that Defendants have stolen all of Plaintiff's assets; and those assets have been transferred to cryptocurrency accounts under Defendants' sole control.

Plaintiff's stolen assets have been traced through the following cryptocurrency wallet addresses held primarily at cryptocurrency exchanges Bitkub, Binance, Blofin, and Tokenlon— wallet addresses believed to be owned or controlled by Defendants.

| No. | Bitkub Destination Address | Funds Traced (USDT) |
|---|---|---|
| 1 | 0x7b7b86bfe06929a7a32aaf9c7bb87c27a816cc7b | (See total below) |
| 2 | 0x3d1d8a1d418220fd53c18744d44c182c46f47468 | (See total below) |
| | | Total: 153,900 USDT |

| No. | Blofin Destination Address | Funds Traced (USDT) |
|---|---|---|
| 1 | 0xc383e037ab6872adae3ec35714b8d8cc46bea867 | (See total below) |
| 2 | 0x0e747eb2ff0f26fb77c3a1ea67ee07fac2dbb783 | (See total below) |
| | | Total: 1,063,609 |

| No. | Binance Destination Address | Funds Traced (BTC) |
|---|---|---|
| 1 | 0x376795c8b53b69a712f1024cf8537f980eb3bcbf | 77,763.16356 USDT |
| | | Total: 77,763.16356 USDT |

| No. | Tokenlon Destination Address | Funds Traced (BTC) |
|---|---|---|
| 1 | 3JA4StsiJwsgMvnxj8JgchmBEZMTH9mUWm | 3.28654 BTC |
| 2 | 3JMjHDTJjKPnrvS7DycPAgYcA6HrHRk8UG | 3.63019 BTC |
| | | Total: 6.91673 BTC |

As set forth in their Complaint, Defendants stole 9.0584 BTC (Bitcoin) and 39,770.36609 USDT (Tether) totaling, at the time of the Complaint, approximately two hundred ninety-four thousand two hundred and fifteen dollars ($295,215.00).

Given these facts, Plaintiff commenced this action and are entitled to a Temporary Restraining Order freezing Defendant "1" and/or the JOHN DOES 1-20 Defendants' assets – including all wallets that were used by Defendants to steal Plaintiff's cryptocurrency – to preserve the *status quo ante* pending the outcome of this litigation.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 65, a Court may grant a temporary restraining order *ex parte.* As required by the Rule, specific facts in the form of an affidavit or Verified Complaint must demonstrate an "immediate and irreparable injury, loss, or damage will result to movant before the adverse party can be heard in opposition," and the attorney for the movant must certify in writing any efforts made to provide notice to the adverse party. *See* Fed. R. Civ. P. 65(b)(1). Any Order issued without notice to the adverse party must state "the date and hour it was issued; describe the injury and state why it is irreparable; state why the Order was issued without notice and be promptly filed in the Clerk's Office and entered in the record. The Order expires at a time after entry — not to exceed fourteen (14) days." *Id*. at (b)(2).

To obtain a temporary restraining order, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not

granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Moore v. Brown*, 868 F.3d 398, 402-03 (5th Cir. 2017). *Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).

### ANALYSIS

Plaintiff has shown a strong likelihood of success on the merits of their claims against Defendant "1" and JOHN DOES 1-20 for: (1) conversion and (2) unjust enrichment as well as for imposition of a constructive trust and disgorgement of funds held by Defendants in the aforementioned Destination Addresses to which Defendants transferred any portion of the funds purportedly stolen from Plaintiff. Specifically, in light of the foregoing facts, Plaintiff is entitled to a temporary restraining order freezing Defendants assets — including the Destination Addresses maintained by Defendant "1" and her accomplices JOHN DOES 1-20 or by any entity under their control — to preserve the status quo ante pending the outcome of this litigation.

The cryptocurrency assets at issue are specific, identifiable property and can be traced in Defendants' assets in the Destination Addresses or elsewhere. Plaintiff has established in his Motion and the Declarations in support thereof that Plaintiff's rights will be immediately and irreparably harmed absent a temporary restraining order from this Court. Without entry of the temporary restraining order, Plaintiff may be unable to recover for their equitable claims.

Moreover, considering the speed with which cryptocurrency transactions are made as well as the anonymous nature of those transactions, it is imperative to freeze the Destination Addresses to maintain the status quo to avoid dissipation of the money illegally taken from Plaintiff. Plaintiff

was victimized by the theft of their cryptocurrency assets, and it appears from the record that Defendant "1" and/or JOHN DOES 1-20 have no right to claim either possession or ownership of Plaintiff's stolen assets. Therefore, there is a high likelihood Plaintiff will succeed on their claims. The balance of hardships also favors Plaintiff because a temporary restraining order would preserve the status quo ante and prevent irreparable harm until such time as the Court may hold a hearing. Entry of a temporary restraining order will also not harm the public interest, which is properly served by promoting the objectives of the Financial Crimes Enforcement Network [FinCEN] (a division of the U.S. Department of the Treasury) and providing assurance that courts will protect investors' assets from theft and will aid investors in their recovery of stolen assets when they can be readily located and traced to specific locations, like the stolen assets in this action.

Lastly, because of the apparent strength of Plaintiff's case, the Court waives need only provide a modest amount of security pursuant to Fed. R. Civ. P. 65(c) at this time.

<u>**CONCLUSION**</u>

**For the foregoing reasons, it is hereby ORDERED AND ADJUDGED** that Plaintiff's Motion [ECF No. 6] is **GRANTED**. A temporary restraining order is entered as follows:

1.      Defendants and their agents, servants, employees, attorneys, partners, successors, assigns, and all other persons or entities through which she/they act or who act in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division or other device, or any of them, are hereby temporarily restrained from withdrawing, transferring, or encumbering any assets currently held by, for, or on behalf of Defendants or any business entity through which she/they act or which act in active concert or participation with them; including but

not limited to those assets currently held in: (1) the Destination Addresses; (2) any account at any other financial institution, bank, trading exchange, or investment firm; and (3) any cryptocurrency wallet or cryptocurrency trading account they maintain or control anywhere other than in the Destination Addresses.

2. Notice was not provided to Defendant "1" or JOHN DOES 1-20 prior to entry of this Order because her/their identities are presently unknown to Plaintiff.

3. Pursuant to Fed. R. Civ. P. 65(c), which requires that security must typically be posted by Plaintiff, the Court has determined that One Hundred Dollars ($100.00) is adequate to pay the costs and damages, if any, sustained by any party found to have been wrongfully enjoined or restrained by this Order. Therefore, pursuant to Fed. R. Civ. P. 65, Plaintiff shall — within ten (10) calendar days of this Order — post a bond in the amount of One Hundred Dollars ($100.00) to secure this Order. In lieu of a bond, Plaintiff may post cash or its equivalent with the Clerk of Court.

4. Upon a showing of good cause by any party-of-interest, the Court may enter a further order amending the amount of Plaintiff's bond requirement as a means of providing a source of funds to which Defendants may be entitled for a wrongful injunction or restraint.

5. This Temporary Restraining Order will expire fourteen (14) days from its entry in accordance with Fed. R. Civ. P. 65(b)(2) unless, for good cause shown, this Order is extended or Defendant "1" or JOHN DOES 1-20 consent that it should be extended for a longer period of time. However, the Court may, upon demonstration of good cause by any party-of-interest, shorten or lift this Order.

**DONE AND ORDERED** in New Orleans, Louisiana, this _____ day of February, 2024.

**SO ORDERED.**

Dated: _____