UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JEYSEN ZIVAN YOGARATNAM**                     **CIVIL ACTION**

**VERSUS**                                      **NO. 24-393**

**DOE et al.**                                  **SECTION: "G"(4)**

### ORDER

Before the Court is Plaintiff Jeysen Zivan Yogaratnam's ("Plaintiff") "Motion for Order Authorizing Alternate Service of Process on Foreign Defendants Pursuant to Rule 4(f)(3)."[1] This litigation arises out of an alleged cryptocurrency scheme where Plaintiff was defrauded of $294,125 by unnamed Defendants.[2] In the motion, Plaintiff seeks an Order authorizing service of process on Defendants via Non-Fungible Token ("NFT") electronic transfer and via website posting.[3] Having considered the motion, the memoranda in support, the record, and the applicable, the Court grants the motion.

### I. Background

According to the Complaint, Defendants deceived Plaintiff into transferring approximately $294,215 worth of cryptocurrency into Defendants' private cryptocurrency wallet addresses (collectively, "Destination Addresses") after Defendant 1 a/k/a "Darina Dubois" fraudulently represented that she was a cryptocurrency investor who would assist Plaintiff in investing his

---

[1] Rec. Doc. 7.

[2] *Id.* at 2 (citing Rec. Doc. 1 at 1).

[3] *Id.*

1

cryptocurrency.[4] Plaintiff allegedly believed that he had downloaded a legitimate and regulated cryptocurrency exchange smartphone application called CTRL-FX, but under the guidance of Defendant 1, Plaintiff instead downloaded an illegitimate application.[5] At the direction of Defendant 1, Plaintiff began transferring cryptocurrency he held on his Coinbase and Kraken accounts to what he believed was the legitimate CTRL-FX exchange.[6] Plaintiff alleges that the app was entirely simulated and served as a vehicle of theft for Defendants, giving them a mechanism to provide Plaintiff with false account statements that masked the fraudulent scheme Defendants were perpetrating.[7] Plaintiff alleges that the "CTRL-FX" exchange to which Plaintiff was sending his cryptocurrency holdings was actually—unbeknownst to Plaintiff—Defendants' own private cryptocurrency wallet addresses.[8]

According to the Complaint, Plaintiff retained CNC Intelligence Inc., a forensic cryptocurrency tracing expert company, which has traced Plaintiff's stolen assets to Destination Addresses believed to be under Defendants' control.[9] On February 15, 2024, Plaintiff filed his Complaint, asserting (1) conversion, (2) unjust enrichment, (3) imposition of constructive trust and disgorgement of funds, and (4) conspiracy claims against Defendants.[10] On February 22, 2024, Plaintiff filed the instant motion for alternate service of process to serve Defendants by NFT

---

[4] Rec. Doc. 1 at 1, 3–4.

[5] *Id.* at 4.

[6] *Id.* at 5–6.

[7] *Id.* at 6–7.

[8] *Id.* at 4.

[9] *Id.* at 8.

[10] Rec. Doc. 1 at 8–11.

2

electronic transfer and website posting.[11]

## II. Plaintiff's Arguments

*A.   Plaintiff's Arguments in Support of the Motion*

In the motion, Plaintiff contends that alternate service by NFT electronic transfer and by posting on a designated website are appropriate and necessary because Defendants operate their global internet cryptocurrency fraud and conversion scheme through the internet and cryptocurrency blockchain electronic technology.[12] According to Plaintiff, Defendants are likely located in China, as the cryptocurrency funds he transferred were to a Chinese bank.[13] Plaintiff reasons that he has the ability to contact Defendants directly and provide notice of the Complaint by NFT electronic transfer and website posting.[14] Plaintiff suggests that this is the only way to serve Defendants, as he "will be left without the ability to pursue a remedy" if he was unable to serve Defendants through these alternate means.[15]

Plaintiff represents that he has created an NFT ("Plaintiff's NFT") and a service website ("Plaintiff's Website") should the Court grant the motion for alternate service.[16] Plaintiff notes that the concept of a NFT is "essentially a digital certificate of authenticity that cannot be replicated" and this process of authentication "allows a traceability within the ledger as all the transactions are historically registered and stored within the blocks of data."[17] Plaintiff also notes

---

[11] Rec. Doc. 7.

[12] *Id.* at 2.

[13] *Id.* at 1.

[14] *Id.* at 2.

[15] *Id.*

[16] *Id.* at 4.

[17] *Id.* at 3.

that his service website will contain the Complaint and hyperlinks to all filings and orders in this matter.[18] Plaintiff contends that either of these manners of service will allow Defendants to access all filings and they will be able to view, print, or download any document filed in the case.[19]

Plaintiff also contends that service via NFT electronic transfer and website posting is not prohibited by international agreement.[20] Because Defendants are believed to be in China, Plaintiff notes that the United States and China are signatories to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Service Convention").[21] According to Plaintiff, the Hague Service Convention does not preclude the Court from authorizing service of process via electronic means.[22] Plaintiff further notes that there are no international agreements prohibiting service by blockchain NFT service, or posting on a designated website.[23]

### III. Legal Standard

Federal Rule of Civil Procedure Rule 4(f)(3) permits a district court to "order an alternate method for service to be effected upon foreign defendants, provided that it [1] is not prohibited by international agreement and [2] is reasonably calculated to give notice to the defendants."[24] If the alternate methods of service are not prohibited by international agreement, the district court has

---

[18] *Id.* at 4. Plaintiff's website is located at https://usdccourtservice.com/cv-00393.

[19] *Id.*

[20] *Id.* at 11–13.

[21] *Id.* at 11.

[22] *Id.*

[23] *Id.* at 11–13.

[24] Fed. R. Civ. P. 4(f)(3).

"considerable discretion" to authorize those alternate means of service.[25] Any alternative method of service authorized must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford an opportunity to present their objections."[26]

### IV. Analysis

Plaintiff has demonstrated that he is entitled to service by NFT electronic transfer and website posting. First, service by NFT electronic transfer and website posting is "not specifically precluded" by the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters.[27] Although China has objected to the means of service by "postal channels" in Article 10(a) of the Hague Convention, Plaintiff does not request service by postal channels here, as he requests service by NFT electronic transfer and website posting.[28] Because China has not specially objected to service via NFT electronic transfer or posting on a website, the Court may order alternative means of service, as any objections to alternate service must be express.[29]

Second, service by NFT electronic transfer and website posting is reasonably calculated to give notice to Defendants. According to the Complaint, Plaintiff met these Defendants on

---

[25] *Affinity Labs of Tex., LLC v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 WL 11342502 (W.D. Tex. July 2, 2014) (citation omitted). *See also Patel v. "Defendant "1,"* No. 3:23-cv-24651, Rec. Doc. 8 (N.D. Fla. Jan. 16, 2024) (citing *Bandyopadhay v. Defendant "1,"* No. 22-cv-22907, 2022 WL 17176849, at *2 (S.D. Fla. Nov., 23, 2022).

[26] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

[27] Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361.

[28] *Patel*, No. 3:23-cv-24651, Rec. Doc. 8 at 4.

[29] *See Bandyopadhyay*, 2022 Wl 17176849, at *2 (citing *Stat Med Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-20590-CIV, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015); *Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011)).

5

LinkedIn, an online social media platform and the cryptocurrency scheme was facilitated online using cryptocurrency blockchain technology.[30] In similar circumstances, district courts have allowed for a variety of alternative service methods, including service by website posting and NFTs.[31]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Jeysen Zivan Yogaratnam's Motion for Order Authorizing Alternate Service of Process on Foreign Defendants Pursuant to Rule 4(f)(3)[32] is **GRANTED**, without prejudice to Defendants' opportunity to challenge service and/or personal jurisdiction. Plaintiff is authorize to service Defendants as follows:

(1) via blockchain transfer of Plaintiff's NFTs to Defendants' Crypto wallet addresses (providing Notice, Summons language, and Plaintiff's Website address https://usdccourtservice.com/cv-00393); and

(2) via website posting by posting a copy of the Summons, Complaint, and all filings n this matter on Plaintiff's website appearing at the URL https://usdccourtservice.com/cv-00393).

**NEW ORLEANS, LOUISIANA**, this  23rd  day of February, 2024.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[30] Rec. Doc. 1 at 3–7.

[31] *Lin v. Doe et al.*, No. 23-cv-5878, Rec. Doc. 13 (E.D. La. Dec. 8, 2023) (Guidry, J.) (granting service via NFT and website posting); *Blum v. Defendant "1" et al.*, No. 3:23-cv-24734 (N.D. Fla. Dec. 17, 2023) (granting service via WhatsApp, blockchain transfer of NFT to Crypto Wallet addresses, and website posting; *Ohlin v. Defendant "1,"* No. 3:23-cv-8856, 2023 WL 4084523 (N.D. Fla. June 8, 2023) (granting service via NFT and plaintiff's service website); *Birmingham v. Doe*, 593 F. Supp. 3d 1141, 1162 (S.D. Fla. Mar. 25, 2022).

[32] Rec. Doc. 7.