**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JEYSEN ZIVAN YOGARATNAM** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-393** |
| **DEFENDANT "1" A/K/A "DARINA DUBOIS," ET AL.** | **SECTION: "G"(4)** |

## ORDER AND REASONS

Before the Court is Defendant Jin Weiji's ("Weiji") Motion to Stay.[1] This litigation arises out of a cryptocurrency scheme where Plaintiff Jeysen Zivan Yogaratnam ("Plaintiff") was allegedly defrauded of $294,255.[2] Plaintiff originally filed this case on February 15, 2024, naming numerous "John Doe" Defendants.[3] On June 1, 2026, the Court granted Plaintiff leave to file the Second Amended Complaint, which specifically named five individual defendants including Jin Weiji.[4] Plaintiff alleges that each of the named defendants have controlled, owned, or held beneficial interests in wallet addresses that received Plaintiff's stolen cryptocurrency.[5] The Court also granted Plaintiff's request to authorize alternative service of the defendants by email.[6] Plaintiff served the defendants with the Second Amended Complaint on June 8, 2026.[7]

[1] Rec. Doc. 52.

[2] Rec. Doc. 1.

[3] *Id.*

[4] Rec. Doc. 47.

[5] *Id.*

[6] *Id.*

[7] Rec. Doc. 48.

On July 28, 2026, Weiji filed the instant Motion to Stay.[8] In the motion, Weiji seeks a stay of any default entered against him, and he seeks an additional 60 days to file responsive pleadings.[9] On August 10, 2026, Plaintiff filed an opposition to the motion.[10] Plaintiff contends that Weiji has not shown good cause to excuse his failure to timely appear.[11] Plaintiff also contends that Weiji has not carried his burden to justify the extraordinary relief of a stay.[12] On August 11, 2026, Weiji filed a reply brief, asserting that his delay in failing to appear was not willful.[13] He contends that he did not understand the email service because he resides in China, does not read English, and does not have counsel.[14]

Pursuant to Federal Rule of Civil Procedure 12(a)(1), Weiji had 21 days after being served with the summons and Amended Complaint to file responsive pleadings. Weiji was served on June 8, 2026, and he filed the instant motion on July 28, 2026, nearly two months after he was served. Under Federal Rule of Civil Procedure 6(b)(1)(B), "any grant of an extension that is filed after the time for a response has expired may only be granted upon a finding of excusable neglect."[15] "Excusable neglect" is "an elastic concept."[16] This concept can apply for inadvertent delays and

---

[8] Rec. Doc. 52.

[9] *Id.*

[10] Rec. Doc. 53.

[11] *Id.* at 7.

[12] *Id.* at 14.

[13] Rec. Doc. 54.

[14] *Id.* at 1.

[15] *McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010).

[16] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993).

"is not limited strictly to omissions caused by circumstances beyond the control of the movant."[17] The determination of what is "excusable" is "at bottom an equitable one, taking into account all relevant circumstances surrounding the party's omission."[18]

The Court finds that Weiji has demonstrated excusable neglect sufficiently justifying an extension of the time to file responsive pleadings. Weiji represents that he resides in China, does not read English, and does not have counsel. Although Weiji acknowledges receipt of the June 8, 2026 email serving him with a copy of the Second Amended Complaint, he states that he did not understand its importance until after he had the email translated. Moreover, Plaintiff has not filed a motion for entry of default, and no default was entered before Weiji filed the instant motion. Therefore, the Court grants Weiji an additional 30 days to file responsive pleadings.

Weiji also requests that the Court stay this proceeding. In *Landis v. North American Co.*, the Supreme Court recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[19] The Supreme Court noted that "how this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[20] Therefore, a district court has "discretionary power to stay proceedings before it in the control of its docket and in the interests of justice."[21] In determining whether a stay should be granted, "courts consider the following factors as set out in *Landis v. North American Co.*: (1)

---

[17] *Id.*

[18] *Id.* at 395.

[19] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[20] *Id.* at 254–55.

[21] *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982).

any hardship imposed on the moving party by proceeding with the action, (2) any prejudice to the non-moving party if the stay is granted, and (3) the interests of judicial economy."[22]

Considering Weiji's Motion in light of the *Landis* factors, Weiji has not shown that a stay is warranted. First, Weiji has not shown how proceeding with this action will cause any hardship apart from the general constraints of litigation. Second, Plaintiff will be prejudiced by a stay of proceedings, as it would delay adjudication of his claims. Third, it is in the interest of judicial economy to resolve this matter. Therefore, all three *Landis* factors weigh against staying this matter.

**IT IS HEREBY ORDERED** that Defendant Jin Weiji's Motion to Stay[23] is **GRANTED IN PART** and **DENIED IN PART.** The motion is **GRANTED** to the extent it requests additional time to file responsive pleadings. The motion is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that responsive pleadings shall be filed within 30 days of this Order.

**NEW ORLEANS, LOUISIANA**, this 24th day of September, 2026.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[22] *Falcone v. Anco Insulations, Inc.*, No. 21-233, 2021 WL 3679616, at *4 (E.D. La. July 20, 2021) (Brown, J.) (quoting *Cortez v. Lamorak Ins. Co.*, No. 20-2389, 2021 WL 2018073, at *4 (E.D. La. May 20, 2021)).

[23] Rec. Doc. 52.